IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| IN RE:<br><br>SHAYNE BERTELSEN | **Cause No. CV 23-31-GF-BMM**<br><br>**ORDER** |

Shayne Bertelsen ("Bertelsen") has again filed documents with this Court in which he seeks to challenge Bertelsen's 2017 Montana state-court conviction and sentence. (Docs. 1, 1-1, 2, 3, 3-1, and 4.) Bertelsen persists in his belief that either this Court, or the Montana Supreme Court, previously has determined he should be released from custody. Out of an abundance of caution, the Court has construed these filings as a petition for writ of habeas corpus.

This Court is familiar with Bertelsen. His procedural filing history has been set forth in great detail in prior orders of the Court and will not be repeated herein. Bertelsen nevertheless continues to file similar challenges to his state-court conviction and sentence. The Court has dismissed all of his prior federal habeas petitions. *See Bertelsen v. State*, No. CV-17-48-GF-BMM, Or. (D. Mont. July 10, 2017) (dismissed as unexhausted); *In re: Bertelsen*, No. CV-19-20-GF-BMM, Or. (D. Mont. April 9, 2019) (dismissed as unexhausted); *Bertelsen v. Att'y General*,

1

No. CV-20-39-GF-BMM, Or. (D. Mont. June 30, 2020) (dismissed as unexhausted); *Bertelsen v. Dunhop et al.*, No. CV-21-102-GF-BMM, Or. (D. Mont. Feb. 17, 2022) (dismissed as unexhausted and procedurally defaulted). The Court likewise found that Bertelsen had failed to make a compelling showing of actual innocence that would excuse the default of his claims. *See Bertelsen v. Dunhop et al.*, No. CV-21-102-GF-BMM, Or., 4–5 (D. Mont. Feb. 17, 2022).

No relief exists that the Court may provide to Bertelsen. When a person is in custody pursuant to a state-court judgment, 28 U.S.C. § 2254 provides the only habeas remedy for any challenge to that person's detention, regardless of the nature of such challenge. *White v. Lambert,* 370 F. 3d 1002, 1009–10 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F. 3d 546 (9th Cir. 2010) (en banc). A petitioner generally has only one full and fair opportunity to challenge a state-court judgment of conviction, absent very limited circumstances. *See, e.g.*, *U.S. v. Barrett*, 178 F. 3d 34, 57 (1st Cir. 1999); *see also* 28 U.S.C. § 2244(b) (prohibiting the filing of second or successive petitions); *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam) (district court lacked jurisdiction to hear a second or successive petition absent authorization from the circuit court). Bertelsen had his opportunity to challenge his 2017 conviction. He failed to demonstrate actual innocence with newly discovered evidence.

It appears that Bertelsen now receives legal advice from a fellow incarcerated person, Victor Fourstar. (*See e.g.* Doc. 1 at 3.) Bertelsen is again advised that no order of this Court, including those orders entered by U.S. Magistrate Judge Johnston, has granted Bertelsen habeas relief or determined that he should be released from custody. Bertelsen continues to attach a page from the Montana Supreme Court's opinion on direct appeal in support of his claim that he must released. (*See, e.g.*, Doc. 1-1 at 6.) The Court previously has instructed Bertelsen that the Montana Supreme Court did not reverse his incest conviction. The Montana Supreme Court simply directed that the technology fee that was assessed against Bertelsen was incorrect and remanded the matter to the Montana state district court to revise the sentence to comply with its decision. *See State v. Bertelsen*, 460 P.3d 951,  (Mont. 2020). Bertelsen's continued belief that the Montana Supreme Court reversed his criminal conviction proves inaccurate and unsupported by the facts or the law in the present matter.  The Court may provide no relief to Bertelsen.

The Court lacks jurisdiction to consider Bertelsen's petition or any future filings unless and until Bertelsen obtains authorization under 28 U.S.C. § 2244(b)(3)(A) from the Ninth Circuit to file in this Court. *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam). This matter is dismissed. Absent authorization from the Ninth Circuit to file a second or successive petition, no further filings from

Bertelsen challenging his 2017 state-court conviction will be accepted.

A certificate of appealability is denied because there is no doubt that the Court lacks jurisdiction. Transfer to the Court of Appeals is not in the interest of justice. *See* 28 U.S.C. § 1631.

## ORDER

Accordingly, IT IS HEREBY ORDERED as follows:

1. This matter is **DISMISSED** for lack of jurisdiction. The Clerk of Court shall enter, by separate document, a judgment of dismissal.

2. Unless Bertelsen contemporaneously provides an authorization from the Circuit permitting a second or successive petition, the Clerk of Court shall accept no further filings from Bertelsen challenging his 2017 state-court conviction. If no authorization is provided, future documents from Bertelsen will be discarded by the Clerk and will not be considered by the Court.

3. A certificate of appealability is **DENIED.**

4. This action is **CLOSED.** No further documents may be filed.

DATED this 26th day of June, 2023.

_____
Brian Morris, Chief District Judge
United States District Court